### DESMOND *v.* CITY OF JEFFERSON.

*(Circuit Court, W. D. Texas.  January 18, 1883.)*

1. MUNICIPAL CORPORATION—AUTHORITY TO ISSUE BONDS.
   Authority conferred upon a municipal corporation to purchase property for its uses implies the power to issue negotiable bonds for that purpose.

2. SAME—POWERS CONFERRED BY CHARTER.
   The charter of a city empowers it to organize a fire department and regulate the same, and to adopt such other measures as should "conduce to the interest and welfare of said city." *Held,* that the city was authorized to purchase a fire engine, and to issue its negotiable bonds therefor.

3. SAME—MUNICIPAL BONDS—VALIDITY PRESUMED.
   Municipal bonds which recite the ordinance under which they were issued will be presumed to be valid without the production in evidence of the ordinance itself.

At Law.

*Thomas P. Young,* for plaintiff.

*Chas. A. Culberson* and *H. McKay,* for defendant.

TURNER, J.  This suit was filed in this court January 18, 1883. The plaintiff seeks to recover upon quite a number of bonds, with coupons attached, issued by the proper authority, viz., the mayor,

and attested by the recorder, and dated the third day of September, 1870. Of these bonds there were 54 for the sum of $100, and one for the sum of $50. These bonds were substantially as follows:

"STATE OF TEXAS, CITY OF JEFFERSON.

"No. —.                    *Fire Engine Bonds.*                    $100

"Authorized by an ordinance of the city of Jefferson. On the first day of July, 1880, the city of Jefferson, Marion county, Texas, will pay to the bearer of this bond one hundred dollars, with interest from date at the rate of ten per cent. per annum, payable annually at the office of the treasurer of the city of Jefferson. This debt is authorized by an ordinance of the city of Jefferson, passed on the eighteenth day of April, 1870, and entitled an ordinance to provide for the issuance of bonds for the purchase of a *steam fire engine.*

"In witness whereof, the mayor of the city of Jefferson, in pursuance of said ordinance, hath hereunto set his hand and affixed the seal of the city of Jefferson this, the (3d) third day of September, 1870.

[Signed]                         "A. G. MALLOY,
                              "Mayor of the City of Jefferson.

"Attest:  J. C. LANE, Recorder."

To each of these bonds coupons were attached for the interest, as the same accrued by the terms of the bond, and they were as follows:

"The city of Jefferson will pay to the bearer ten dollars for 12 months' interest, due June, 1880, on bond No. (say) 54, for $100.

[Signed]                         "A. G. MALLOY, Mayor."

Process issued and was served upon John Penman, the officer stating in his return that said Penman was the acting mayor of the city of Jefferson, Texas;—service made January 18, 1883. On the fourteenth day of February, 1883, this court then being in session, the said Penman filed a motion under oath to quash the service on the ground that he was not the mayor. The motion to quash was signed by counsel, and stated that the defendant appeared for the purpose of the motion only. On the same day, however, counsel for the defense filed in court special exceptions to the petition, and also filed answer to the merits. These pleadings, by way of caption, state that in case the motion to quash is not sustained, then they rely upon the exceptions and answer to the merits. At that term of the court the entry upon the minutes shows that the cause was continued by consent of the parties, and no action had upon the motion to quash until the present time. I am of opinion that if this motion could ever have been available it is too late at this time to press that question. I find answer to the merits filed—action taken with the concurrence of the defendant's counsel, who are attorneys of this court. The motion to quash, therefore, is denied, as I find here in the case an appearance which binds defendant, whether properly served or not.

It is admitted that these bonds were used in the purchase of a fire engine for the city, and that if the city had authority to issue these

bonds and coupons, that, upon the merits of the case, the plaintiff has a right to recover, and that there are no equities existing against the bonds and coupons. It is, however, contended that the plaintiff has not made out his case because he has not produced in evidence the ordinance referred to in the bonds themselves. These bonds recite upon their face that they were issued in pursuance of an ordinance passed by the city of Jefferson, dated April 18, 1870, entitled "An ordinance to provide for the issuance of bonds for the purchase of a *steam fire engine.*" It is believed to be well settled that, if the power to issue these bonds existed in the corporation, the holder will be protected, and when, as in this case, the authority appears on the face of the instrument, the courts will presume that the authority was rightfully exercised.

This brings me to the consideration of the main question, viz., whether the authority in fact did exist in the corporation to issue these bonds, with the interest coupons attached, which are in the nature of commercial paper. It may be remarked that in this case none of the evils which flow from the exercise of this power are present, as the bonds were disposed of for the very purpose mentioned in the bonds themselves. The engine was procured for and used by one of the organized fire companies of the city. Did the power to issue these bonds exist? The charter of the city of Jefferson was passed September 11, 1866. It confers upon the city the usual powers, such as contracting and being contracted with. * * * It gives power "to organize a fire department, and to regulate the same, and to pass such other laws as may be deemed necessary for the prevention and extinguishment of fires," etc. If there were no other grant of power, it would seem to me that it must be held from this that the right to purchase the engine was clearly granted, if not by specific grant, by necessary implication. The department could not be rendered effective without it. But this is not all the power vested in the city by its charter. After enumerating the above and numerous other powers, it provides it may "do such other acts and pass such other ordinances, not inconsistent with the constitution and laws of this state or of the United States, as may conduce to the interest and welfare of said city." This is a very large and, in the light of experience with reference to other municipal corporations, we might say, a dangerous grant of power. Can any one doubt that under this authority the city of Jefferson had the right to issue these bonds? She was made the sole judge as to what would conduce to the interest and welfare of the city, and the exercise of this power was in direct furtherance of the specific grant in the charter to "organize a fire department, and to regulate the same, and to pass such other laws as may be deemed necessary for the prevention and extinguishment of fires." To my mind this power was ample.

There is no case to be found where, if the power is given by specific grant or by necessary implication, the courts have held that this

character of paper is not obligatory upon the municipality. Counsel in this case are forced to admit that the right to purchase this engine was given it, if not by specific grant, by necessary implication, it being a necessary and legitimate thing with which to carry out the object of the charter. But they say, while that is true, no right existed to issue commercial paper, and that to that extent the act was *ultra vires*. As I understand the authorities they are not sustained in this view of the law. We must bear in mind that these bonds were not issued for the purpose of borrowing money, but for the purpose of purchasing a steam fire engine, and were so used in fact. Mr. Dillon, however, says (see 1 Dill. Mun. Corp. 199, 200) few adjudications favor the idea that it makes any difference whether for the one purpose or the other. That corporations may exercise the following powers cannot be disputed: (1) Those granted by express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; and (3) those essential to the declared objects and purposes of the corporation. See 1 Dill. Mun. Corp. 173.

I am referred by counsel to the case of *Police Jury* v. *Britton*, 15 Wall. 566. In that case the bonds were declared to have been issued without authority. The police jury did not have any right to issue them; among other reasons, that the right to issue bonds at all was coupled with conditions not complied with; and again, that the police jury were authorized to issue bonds to the extent of $200,000, which power had been exhausted before those bonds were issued. And by an examination of that case it will be seen (see page 572) that it is conceded it is not necessary in *all* cases that express authority to issue such security is necessary, and concedes that the power to purchase property for a market-house confers the right to issue bonds of this character. This is upon the well-settled doctrine that where these securities are issued to purchase property for the use of the corporation, the same being necessary to carry out the object and purpose of the act of incorporation, they are valid and binding, and may properly be issued as in this instance, viz., with the qualities of commercial paper. It will be seen, therefore, from a careful examination of that case that the doctrine therein announced, when applied to the facts in this case, sustains the views of plaintiff in this case.

I am next referred to the case of *Chisholm* v. *City of Montgomery*, 2 Woods, 592. In this case the bonds were issued by the city to aid in the construction of plank-roads—works of internal improvement. The judge held (1) that there was no authority found in the charter for the issuance of these bonds; and I will add that the building of plank-roads was foreign to the purposes for which the charter was granted. The learned judge held them void, and there can be no doubt of the correctness of the determination. But it is said that the case of *The Mayor* v. *Ray*, 19 Wall. 468, is authority against the validity of these bonds. Let us see. In that case Mr. Justice BRADLEY delivered the opinion of the court. The case was reversed because

the court below refused to let the mayor show that the holder purchased after maturity, and that the bonds were tainted with fraud. It is true in delivering this opinion Mr. Justice BRADLEY declares that without *express authority* a municipal corporation cannot lawfully exercise the right to issue this class of paper. On examination of the case, however, it will be seen that upon the question involved here, in part, and as to the reasoning of Judge BRADLEY upon the question, Justices HUNT, CLIFFORD, SWAYNE, and STRONG took occasion to dissent, declaring that the doctrine announced by Mr. Justice BRADLEY as to the point in question is not the law as settled by repeated decisions of that court.

One other point is made, and that is that as the act of incorporation provided that bonds for certain purposes might issue, viz., for building jails, erecting wharfs, building free bridge, aiding the improvement of the navigation between the city of Jefferson and Shreveport, Louisiana, or in the construction of railroads to or from Jefferson, as matter of law, for all other expenditures, certificates of indebtedness, not in the shape of commercial paper, could alone issue.

Section 10 of the act of incorporation confers the general powers, and confers all the powers, as I think, to purchase the engine, and to make the ordinance under which it was purchased, and which authorized the issuance and makes binding these bonds. It is section 12 that grants authority to issue bonds for the purposes mentioned in that section. Some of the purposes, it must be admitted, do not pertain to the exercise of the ordinary or legitimate business of city government; and such authority was necessary; and the doctrine of *exclusio unis*, etc., does not obtain, in my judgment, to the extent of destroying the power to purchase the engine under the ordinance passed in pursuance of the extended authority to pass any law or ordinance that the city should deem advisable not in conflict with the laws of the United States or of this state. There can be no doubt of one thing—that the merits of this case are with the plaintiff. The city has had and retains value received. The defense has pleaded the statute of limitations to such of the coupons as were past due four years before the institution of this suit, and to this extent the defense is sustained. And it seems to me that there is another view of this case that must be fatal to the defense. It is this: the defendant has and still holds for its use the engine purchased with these identical bonds, makes no complaint with reference to its not being all that could be desired, and I think must be held estopped from denying plaintiff's right to recover.

Judgment for plaintiff for the amount due upon the bonds sued upon, and upon such of the interest coupons as were not barred at the date of filing this suit, together with costs of suit.